JOHN T. BENHAM, ADMINISTRATOR, ETC., OF JOHN P. BENHAM, DECEASED, APPELLANT, *v.* EBENEZER PENNOCK, IMPLEADED WITH BENJAMIN F. CADY, RESPONDENT.

*Mortgage — direction to pay part of the amount thereby secured to the heirs and executors of the mortgagee — effect of assignment by mortgagee — payment to assignee.*

One Benham conveyed certain real estate to one Pennock, and took back a purchase-money mortgage for $2,800, as to $1,400 of which it was provided that, as Benham's wife had refused to join in the deed, it should be set apart as an indemnity against her claim of dower, the interest to be paid to Benham during his life, and in case he survived his wife, the principal to be paid to him or his heirs, executors or administrators; in case she survived him the interest to be paid to her during her life, if she elected to receive it instead of claiming her dower, and if not, then no interest to be paid until her death, but the principal to be paid within twelve months thereafter to the heirs, executors or administrators of Benham. Benham assigned the mortgage, and the same was paid and by the assignee satisfied of record. The wife survived the husband and elected to take the interest of $1,400, instead of her dower. After her death the administrator of Benham brought this action, claiming that Benham had no right to assign the mortgage; that the $1,400 therein reserved was made a trust fund for the benefit of Denham's heirs, and that the payment to the assignee did not satisfy the same.

*Held,* that the assignment by Benham was valid, and that the payment to the assignee satisfied and discharged the mortgage.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

On March 23, 1863, John P. Benham, plaintiff's intestate, conveyed certain real estate to the defendant Pennock, and took

back a purchase-money mortgage for $2,800.   As Benham's wife
did not join in the conveyance, the bond to which the mortgage was
collateral, provided as follows :

"Whereas, the wife of said Benham has not and will not join in
the execution of said conveyance, and a certain inchoate claim of
her right of dower will remain as a cloud upon the title of said
farm to the prejudice of said Pennock and Cady, against which it
is desired by the parties thereto to protect and indemnify said
Pennock and Cady, as far as may be ; "Now, therefore, it is agreed
that said $2,800 shall be paid as follows: That is, $1,400 are
hereby set apart, and is to be considered as a standing indemnity on
interest against said claim of dower, and in the hands of said Pen-
nock and Cady, the interest thereon to be paid to the said Benham
annually, from the first day of April next, for and during the
natural life of said Benham, provided he shall die before the wife
of said Benham ; but in case said wife shall die before said Ben-
ham, the said $1,400 and interest shall be paid to said John P., or
his heirs, executors or administrators, within twelve months after
the death of his said wife.

"And it is further provided that if said John P. Benham shall
die, leaving his said wife surviving, and his said wife shall elect to
take the use of the one-third part of said farm, to be set apart to
her, instead of the use of the interest thereof, then no interest is to
be had upon said $1,400, from and after the time of the death of
said John P., during the lifetime of said wife, and upon the death
of said wife, said $1,400 shall take interest, and the principal itself
to be payable within twelve months after her death, to the heirs,
executors or administrators of said John P. Benham; and in case
said wife shall, on the death of said John P., so elect to take the
interest upon the said $1,400, as and for her dower use, then the
said interest which shall accrue after the death of the said John P.,
shall be paid to the said wife, from and during her natural life, and
upon her death, the unpaid interest and the said $1,400, shall be due
and payable from said Pennock and Cady to said heirs, executors and
administrators of said John P., within twelve months after the death
of the said wife ; the name of said wife being Elizabeth Benham."

On February 6, 1865, Benham assigned the mortgage to one
Barlow, who thereafter, and on the 14th day of May, 1875, assigned

the same to one Cornell, to whom the whole amount due and secured thereby was, on December 17, 1875, paid and the same was by him duly satisfied and discharged of record.

Benham died on April 28, 1870, leaving him surviving his wife, who elected to receive the interest on the $1,400, instead of claiming her dower in the property, and did accordingly receive it, until the time of her death on or about, July 13, 1873. The plaintiff is the administrator of Benham, and brought this action to recover the amount claimed to be due thereon.

*Henry A. Merritt,* for the appellant. The $1,400 reserved by the bond was made a trust fund for the benefit of Benham's heirs, and the addition of the words " executors and administrators " only referred to a class through which that fund must necessarily pass to be distributed. (*Bucklin* v. *Bucklin,* 1 Keyes, 141; 1 R. S., part 2, chap. 1, art. 3, § 108 [735], 685 [Edm. ed.]; *Fellows* v. *Hemans,* 4 Lans., 230, 239; *Patterson* v. *Murphy,* 17 Eng. L. and Eq., 287.) A trust can be created in favor of one's heirs as a class. (*Harding* v. *Glyn,* 1 Atk., 469; 5 Ves., Jr., 501; 8 id., 571; 2 Sugden on Powers, 159, §§ 6, 7; *Brown* v. *Higgs,* 4 Ves., Jr., 708; *In re Ann Fero et al.,* 9 How. Pr., 85; 2 Sugden on Powers, 160, § 9.) No form of words is necessary to create a trust. Where it appears to have been the intention of the parties to create one it is the duty of the court to declare and enforce it. (*Norman* v. *Burnett,* 25 Miss., 183; *Pratt* v. *Ayer,* 3 Chand. [Wis.], 265; *Starr* v. *Starr,* 1 Ohio, 321; *Brown* v. *Combs,* 29 N. J. L. [5 Dutch.], 36.)

*D. D. Walrath,* for the respondent.

OSBORN, J.:

This action was tried at the Schoharie Circuit before Mr. Justice INGALLS, without a jury, in January, 1877, upon an admitted state of facts. Upon these facts the learned justice ordered judgment for defendant, with costs, and from the judgment entered thereon an appeal was taken to this court.

The plaintiff's claim is, that by the terms of the bond on which the action is brought, the sum of fourteen hundred ($1,400) dollars reserved therein, was made a trust-fund by plaintiff's intestate for

the benefit of his heirs, and that notwithstanding its assignment by the intestate in his lifetime, for a full and valuable consideration together with the mortgage accompanying the same, and by the assignee named in the first assignment, afterward reassigned ; and notwithstanding the fact that the full amount due thereon was paid to such last-named assignee before the commencement of this action, who acknowledged the complete satisfaction of such bond and mortgage, this action can be maintained.

This position of the plaintiff is clearly untenable, and the authorities cited by the counsel have no application to the facts conceded in this case. The intention of the parties to the bond and mortgage is obvious. The wife of the plaintiff's intestate refused to unite with him in a deed of certain premises of which he had the fee. To protect the purchasers against any loss from and on account of the inchoate dower right of his wife, a certain portion of the purchase-money or price was reserved and this bond and mortgage given. This sum so kept back and reserved was simply to protect and secure the grantee under his deed, by leaving one-third of the purchase-price unpaid upon the mortgage and bond, from and against any interest of his wife in said premises, in the event that she outlived him. The language of the bond, so far as it affects this action, is as follows : "The sum of $1,400 is set apart and to be considered a standing indemnity, on interest, against said claim of dower, the interest to be paid to the said Benham (the intestate) anually during his life. In case he outlives his wife, the whole sum to to be paid to him or his heirs, executors and administrators twelve months after her decease." In the event that the wife survived her husband and should elect to have one-third of the premises set apart for her use, instead of taking the interest on the sum so reserved, then no interest was to be paid on the sum secured by the bond and mortgage during her life, but the principal sum and interest from her death to be due and payable twelve months thereafter, " to the heirs, executors and administrators of John P. Benham," the intestate. But in the event that she should take the interest on the $1,400 so secured, " and this she did, having outlived her husband," then in that event, upon her death the unpaid interest and the principal sum were, by the terms of said bond, made due and payable, " to the heirs, executors and administrators of the said

intestate " twelve months after his death. The intestate assigned all his interest in the bond and mortgage in his lifetime, as he had a right to do. Its conditions, so far as the wife's interest was concerned, had been complied with, and before this action was commenced the bond and mortgage had been fully paid to the owner and holder thereof. It would be manifestly unjust to the obligors to be obliged to pay twice, unless some principle of law requires it, and from a careful examination I am satisfied such is not the case.

The judge at the Circuit was right in his conclusions of law upon the undisputed facts, and the judgment appealed from must be affirmed, with costs.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment affirmed, with costs.